# EXHIBIT B

# COMPLAINT TO TRANS UNION

**STATE OF MINNESOTA**  **DISTRICT COURT**
**County of Hennepin**

Judicial District: Fourth
Case Type: Civil Other/Misc.

| | |
|---|---|
| Kandice Green,<br>*Plaintiff*<br><br>vs.<br><br>Trans Union LLC, Experian Information Services LLC,<br>*Defendants* | **COMPLAINT** |

Plaintiff, by and through her attorneys, for her complaint against Defendants upon personal knowledge as to her own facts and conduct and on information and belief as to all other matters, states and alleges as follows:

## INTRODUCTION

1. The following case alleges a systematic failure to assure good data resulting in significant damage to the credit of individuals who obtain insured medical care. Despite prior notice of issues with regard to medical debt including the complications of insurance reimbursement, Defendants solicited medical debt data and thereafter published the data to consumer reports despite actual knowledge the data contained substantial errors. In the present case, Defendants informed Plaintiff's potential creditors that she owed the full value of various medical debts, an untrue statement known to be untrue at the time it was made. Thus, Plaintiff's potential creditors were given the incorrect information that Plaintiff owed thousands to medical providers and was presently unable to meet her financial obligations.

3

As a direct result of Defendant's actions, Plaintiff has been unfairly and unlawfully excluded from the credit system directly effecting her ability to buy a home, rent an apartment, purchase a car, or to even get a cellular phone. To say Defendants have mettled in every aspect of Plaintiff's life is an understatement.

Worst yet, Defendants have repeatedly reaged the medical debts in a further effort to circumvent their obligations under the Fair Credit Reporting Act, including the consumer protections against obsolete information (information older than 7 years). This all but assures that Defendants' false medical debt information will remain on Plaintiff's credit report perpetually.

## STATEMENT OF JURISDICTION AND VENUE

1. This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01.

2. This Court similarly has original subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1681 et. seq., The Fair Credit Reporting Act ("FCRA") and the presumption of concurrent state court jurisdiction.

3. Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Anoka.

## PARTIES

2. Plaintiff is an adult resident of Hennepin, Minnesota.

3. Trans Union LLC ("Trans Union") is a nationally recognized consumer reporting agency (CRA) registered as a Limited Liability Company in the state of Delaware: Trans

Union has a service of process address listed as 2345 Rice Street, Suite 230, Roseville, Minnesota.

4. Experian Information Services LLC ("Experian") is a nationally recognized consumer reporting agency (CRA) registered as a Limited Liability Company in the state of Ohio: Experian has a service of process address listed as 1010 Dale St N. St Paul, Minnesota.

5. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of Minnesota and in the County of Hennepin.

## FACTS

6. Plaintiff is an individual "consumer" as defined by § 1681a(c).

7. The Defendants ("the CRAs") are consumer reporting agencies ("CRA") as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f) because the companies are in the business of assembling and analyzing consumer information before selling consumer reports to third parties.

8. The CRAs prepared and issued consumer reports concerning Plaintiff that included false and inaccurate information, including that Plaintiff was responsible for thousands of dollars in debt.

9. Various individuals seeking to lend to Plaintiff consulted Plaintiff's consumer reports containing the false information at issue.

10. The direct result of the CRA issuance of consumer reports to potential lenders containing the false information at issue has caused significant damage to the perceived reputation of Plaintiff and to his ability to borrow money, conduct commerce, and function within modern society.

11. Specifically, the CRA false reports have, to date, prevented Plaintiff from obtaining a home loan and purchasing a home.

12. As a direct result of the defendants' conduct, Plaintiff has suffered from increased stress, anger, frustration, anxiety and, the loss of the ability to borrow money on favorable terms and thereby loss of a means of improving her social and economic position.

13. The false and inaccurate information included allegations that Plaintiff owed thousands of dollars to a debt collector for unpaid medical bills.

14. Plaintiff previously sued the debt collector in question (Wakefield and Associates, Inc.), and the debt collector denied ever providing account age information to the CRAs.

15. In fact, the collector stated that it did not willingly furnish any data to Defendants, but that Defendants quarried a third party source known to be unreliable and thereafter seem to have fabricated an account dates which were not otherwise provided.

16. Wakefield and Associates, Inc. has provided information and documentation to support its position.

17. Plaintiff disputes the debt in question and has reason to believe the debt is not in fact due and owing: Specifically, the alleged debt is a medical bill previously paid by insurance.

18. Defendants initially indicated that the same debt was charged off May 1, 2015.

19. In April of 2021, Plaintiff mailed requests for reinvestigation to each of the Defendants.

20. Shortly thereafter, Defendants began reporting the debt as nearly twice its original alleged value and as having become delinquent in April of 2021.

6

21. Defendant's reaging has the direct effect of keeping the debt in question on Plaintiff's report for longer circumventing the protections of 15 U.S.C. §1681c.

22. The direct result of Defendant's false reporting was significant damage to Plaintiff's credit rating thereby making it impossible for Plaintiff to obtain favorable loans or any reasonably priced credit card.

23. As a result of Defendant's conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation and has been unfairly excluded from the benefits of the credit system.

## APPLICABLE STATUTORY LAW

4. CRAs that sell consumer reports must comply with the FCRA. FCRA Section 607(b), 15 U.S.C. § 1681e(b), requires a CRA to establish and follow reasonable procedures to assure the maximum possible accuracy of consumer report information, including assuring that only information pertaining to the consumer at issue is contained in his or his report and that procedures exist to assure outdated information is not contained on consumer reports.

5. Section 611 of the FCRA, 15 U.S.C. § 1681i, requires a CRA, upon notice of disputed information, to conduct a reasonable reinvestigation to determine the accuracy of information disputed by a consumer who is the subject of a report.

6. The same section requires that notice of the reinvestigation to be promptly provided to the furnisher of the credit information.

7. If after any reinvestigation an item is found to be inaccurate or cannot be verified, the CRA must promptly delete that item from the file of the consumer.

7

8. CRAs must also assure that outdated and obsolete information is removed from reports. Section 605 of the FCRA, 15 U.S.C. § 1681c addresses the maximum time that various accounts may be listed on a consumer credit report.

## FIRST COUNT
### Willful Noncompliance with the FCRA
(Against All Parties)

9. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. The CRAs all willfully failed to comply with the requirements of FCRA, including but not limited to:

   a. failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

   b. failing to comply with the requirements of Section 607(b), 15 USC § 1681e(b), in assuring consumer reports are prepared with maximum possible accuracy;

   c. failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to conduct a reinvestigation of the disputed information;

11. As a result of Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

## SECOND COUNT

8

## Negligent Noncompliance with the FCRA
## (Against All Defendants)

12.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13.     The CRA negligently failed to comply with the requirements of the FCRA, including but not limited to:

   a. failing to comply with the requirements of Section 607(b), 15 USC § 1681e(b), in assuring consumer reports are prepared with maximum possible accuracy;

   b. failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to conduct a reinvestigation of the disputed information;

   c. failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

14.     As a result of Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff and the class members seek damages in an amount to be determined by a jury.

## Jury Demand

15.     Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff, by and through her attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages in an amount up to $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Injunctive relief prohibiting such conduct in the future;

d. Reasonable attorney's fees, litigation expenses, and cost of suit; and

e. Any other relief deemed appropriate by this Honorable Court.

Dated: July 14, 2021              **MINNESOTA LEGAL ASSISTANCE**

s/ David J.S. Madgett
David J.S. Madgett (#0390494)
1161 E. Wayzata Blvd. #314
Wayzata MN 55391
(612) 470-6529
dmadgett@mnlegalassistance.com

ATTORNEY FOR PLAINTIFF